**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4620**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IRA ST ANTHONY HUGGINS,

Defendant - Appellant.

**No. 05-5130**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVON MIDDLETON, a/k/a Oran Middleton, a/k/a
Von Trayon Middleton,

Defendant - Appellant.

Appeals from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, District
Judge. (CR-04-1098)

Submitted: November 15, 2006      Decided: December 28, 2006

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William L. Runyon, Jr., Charleston, South Carolina; Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston, South Carolina, for Appellants. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira St Anthony Huggins, Travon Middleton, and a third individual were arrested when police executed a search warrant on Huggins' home on January 30, 2004. Huggins and Middleton subsequently were each charged with several counts of a seven count indictment.[*] Count One charged both Huggins and Middleton with possession with intent to distribute five grams or more of cocaine base, and aiding and abetting the same, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2006) and 18 U.S.C. § 2 (2000). Counts Two and Six respectively charged Huggins and Middleton with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C.A. § 924(c)(1)(A)(i) (West 2000 & Supp. 2006). Counts Three and Seven respectively charged Huggins and Middleton with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g), 924(a)(2), (e)(1) (West 2000 & Supp. 2006). Following a jury trial, Huggins and Middleton were convicted on all counts. The district court sentenced Huggins to 197 months' imprisonment and Middleton to 180 months' imprisonment.

Huggins and Middleton each appealed and these appeals have been consolidated. Counsel filed a joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in their opinions there are no meritorious grounds for appeal but

---

[*]The third individual arrested with Huggins and Middleton also was charged in this indictment. He pled guilty and is not the subject of these consolidated appeals. We therefore do not address the charges against him.

- 3 -

questioning whether the district court improperly denied Defendants' joint suppression motion and their subsequent Fed. R. Crim. P. 29 motions for judgment of acquittal. Counsel also questioned whether Defendants' sentences were valid. Huggins and Middleton also filed pro se supplemental briefs raising additional claims.

In their motion to suppress, Defendants sought a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), arguing that the search warrant was obtained as the result of false material representations by an unreliable confidential informant. Additionally, they argued that the evidence seized pursuant to the search warrant should be suppressed because the executing officers failed to follow proper federal and state procedures by leaving the wrong search warrant at Huggins' residence.

In order to establish that a Franks hearing is warranted, a defendant must show "'(1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit,' and (2) that the statement was necessary to the finding of probable cause." United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994) (quoting Franks, 438 U.S. at 171-72). We have reviewed the record and conclude that the district court did not clearly err in finding that no false information was included in the affidavit supporting the search warrant and that Defendants were not entitled to Franks relief.

Defendants also claimed that the officers executing the search warrant violated the Fourth Amendment and failed to comply

with Fed. R. Crim. P. 41(f)(3) and South Carolina law by leaving the wrong search warrant at Huggins' home.  Because this error amounted to a non-constitutional violation, see United States v. Simons, 206 F.3d 392, 403 (4th Cir. 2000), and Defendants were not prejudiced by the error, cf. United States v. Pangburn, 983 F.2d 449, 455 (2d Cir. 1993) (finding no prejudice where search and seizure would not have been different if officers had complied with Rule 41 requirements), we find no error in the district court's denial of the suppression motion.

At the close of the government's case, pursuant to Fed. R. Crim. P. 29, Huggins moved for judgment of acquittal on all three counts with which he was charged.  Middleton filed a motion for judgment of acquittal on Counts One and Six.  Defendants asserted that the evidence was insufficient to support their convictions.  Viewing the evidence in the light most favorable to the government, we find that there was substantial evidence to support Defendants' convictions.  Glasser v. United States, 315 U.S. 60, 80 (1942).  Accordingly, we find that the district court's denial of the Rule 29 motions was correct.

In the Anders brief, counsel raised no specific issues concerning Huggins' sentence, but concluded it was valid.  We have reviewed Huggins' presentence report ("PSR") and the sentencing hearing, and have found no reversible error.

Middleton received a fifteen year sentence--the mandatory minimum sentence under 21 U.S.C.A. §§ 841(a)(1), (b), 21 U.S.C. § 851 (2000), and 18 U.S.C.A. § 924(c).  Before sentencing,

Middleton asked the district court to consider a sentence below the statutory mandatory minimum due to his difficult upbringing and the fact that the third defendant received a probationary sentence. However, absent circumstances not present here, "a district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005).

We have thoroughly reviewed the issues raised in Huggins' and Middleton's pro se supplemental briefs and find that they do not warrant relief. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Huggins' and Middleton's convictions and sentences. This court requires that counsel inform Huggins and Middleton, in writing, of the right to petition the Supreme Court of the United States for further review. If either Huggins or Middleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client.

Huggins' motion to terminate his counsel and proceed pro se on appeal is denied. Middleton's motion for reconsideration of the denial of his motion for an extension of time to file a pro se supplemental brief is granted. We deny as moot Huggins' motion for bail pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED